# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:03-CR-0358-RLH-RJJ |
| vs. | ) | **O R D E R** |
| | ) | (Motion for Relief from Judgment–#66) |
| JACK SEIBERT, | ) | (Motion for Appointment of Counsel–#67) |
| | ) | (Motion to Dismiss Motion–#70) |
| Defendant. | ) | (Motion for Appointment of counsel–#71) |

Before the Court are the following motions:

I. Defendant's Motion for Relief from Judgment or Order Pursuant to Rule 60(b) (#66, filed September 11, 2006), to which there was filed, in response, a Declaration of (Defendant's) Counsel (#68, filed September 18, 2006), and the Government's Response to Motion (#69, filed September 26, 2006).

II. Defendant's Motion for Appointment of Counsel (#67) which is the same document as above, but filed a second time because it improperly contains two motions in one document. Accordingly, the document was filed a second time and denominated by the second motion. The responses above will be considered in connection with this motion as well.

III. After receiving the Government's response to his first motions, which challenged the jurisdictional basis for the motion, Defendant filed a Motion to Voluntarily Dismiss His Motion for Relief from Judgment Pursuant to Rule 60(b) (#70, filed October 19, 2006) stating his intent to bring the motion pursuant to 28 U.S.C. § 2255.

   IV.  Defendant brings a second Motion for Appointment of Counsel (#71, filed October 19, 2006) concurrently with his motion to dismiss motion in III above.

## BACKGROUND

Defendant Seibert has grossly mischaracterized the appellate decision in this case and misrepresented the history following his sentence.  Accordingly, the Court will provide an accurate description of the background of the case that brings the Court to the issues raised by Defendant Seibert in the foregoing motions.

Defendant Seibert was indicted in August 2003 for Felon in Possession of a Non-Registered Firearm and for Felon in Possession of Ammunition.  The case involved a sawed-off shotgun and ammunition.  In October 2003 a Superceding Indictment was filed, adding, as the First Count, the charge of Felon in Possession of a Firearm. Following a jury trial, he was convicted of both by a jury on October 28, 2003.

He was sentenced on March 12, 2004, to terms of 120 months each, to run concurrently, on the Felon in Possession of a Firearm and Felon in Possession of Ammunition, and 20 months on the Felon in Possession of a Non-Registered Firearm, to run consecutively to the first two, for a total of 140 months.  This was 35 months less than recommended by the Probation Officer's Presentence Report.

The case was appealed primarily on the argument that the Felon in Possession of a Firearm and the Felon in Possession of a Non-Registered Firearm merged and were one and the same.  The Circuit Court held that they are not the same, they do not merge, and separate punishment does not amount to double jeopardy.

Defendant Seibert claims, in his motions, that the Court of Appeals then granted "a 'limited remand' . . . to the District Court for resentencing due to the United States Supreme Court's desicion[sic] in United States v. Booker, 541 U.S. 738 on the grounds that the two-level enhancement for the firearm being stolen. A factual contention by the District Court that wasn't presented to the jury." Motions I and II, page 2.  Defendant's claim is in error.

The Circuit Court's Memorandum Opinion (No. 04-10171), filed February 7, 2005, in the Circuit Court and March 10, 2005, in this Court, holds that this Court did not err in its sentences and concludes with the following paragraph:

> Because the Supreme Court's decision in <u>United States v. Booker</u> changes the context in which district judges impose sentences, review of Seibert's sentence imposed under pre-<u>Booker</u> law is **unnecessary**.  We remand so that the district judge may determine whether the change in the law would make a difference in the sentencing of this case.  If the district judge determines that it does, he may vacate the sentence and resentence Seibert.  (Emphasis added)

Accordingly, whether to resentence was at the discretion of the Court. The Defendant, knew that his appeal of the conviction and the sentence had failed, knowing that the recommended sentence was 35 months higher than the sentence imposed, and knowing that the Court could impose a higher sentence than it did,[1] was asked, through his counsel, whether he wished the Court to reconsider his sentence. Defendant's counsel, Assistant Federal Public Defender Jason Carr, discussed the matter with Defendant Seibert and reported that the Defendant did not wish a new sentencing hearing.

The basis for these motions is a claim by Seibert that Mr. Carr did not communicate to him that he had the option of a new sentencing hearing until after Mr. Carr had made his representations to the Court and the Court had determined it would not reconsider the sentence. The latter was done at a hearing on December 19, 2005, following which Mr. Carr wrote to Defendant and advised him to telephone Mr. Carr. This telephone call was made on December 29, 2005. Now, nearly 10 months later, Defendant claims that Mr. Carr perpetrated a fraud on the Court because he never discussed the impact of *Booker* on his sentence and never gave Mr. Carr direction not to seek re-sentencing because of *Booker*.

---

[1] In fact, the Court stated, at the time of sentencing the Defendant to 140 months, that had the Court not felt constrained by the Sentencing Guidelines and the precedent connected thereto, that "the defendant's history, background and his activities would certainly justify 175-months." (Sentencing transcript, dated March 10, 2004, p.386).

3

1    Defendant Seibert's claims and unsworn declarations are belied by the record in this
2 case and the Declaration of Mr. Carr, made under the penalty of perjury.

3    <u>MOTIONS FOR APPOINTMENT OF COUNSEL (#67 and #71)</u>

4    Whether considered under Rule 60(b) or Section 2255, Defendant's motions provide
5 no basis for appointment of counsel.  Both substantive motions are without merit, but Defendant has
6 demonstrated that he clearly is capable of filing and arguing his position with motions, points and
7 authorities, and declarations.  There is no right to counsel to pursue a motion under 28 U.S.C. §
8 2255, nor is there a right to pursue relief from a judgment for fraud under Civil Rule of Civil
9 Procedure 60(b).  Accordingly, both motions will be denied.

10    <u>MOTION TO VOLUNTARILY DISMISS MOTION FOR RELIEF (#70)</u>

11    Only after the Government filed its opposition to his original motion, contending that
12 the Court had no jurisdiction to consider his motion under Rule 60(b) of the Fed. R. Civ. P., because
13 this is a criminal case and that is a civil rule, did Defendant Seibert bring his Motion to Voluntarily
14 Dismiss His Motion for Relief from Judgment or Order Pursuant to Rule 60(b).  He acknowledges
15 this deficiency and then asserts that he wishes to bring the same motion pursuant to § 2255.  He also
16 asks the Court to consider whether the Federal Public Defender is now a Government witness and
17 whether he should have counsel to investigate whether Mr. Carr committed a fraud on the Court.

18    First, Mr. Carr is not a Government witness.  He responded to Defendant Seibert's
19 motion because the Court requested that he respond.  He was not prepared by nor given direction by
20 either the Government or this Court as to what his response should contain.  He responded as an
21 officer of the Court, as is any attorney who appears before this Court.

22    Second, the Court is capable of making its own determination of whether Mr. Carr
23 perpetrated a fraud on this Court or on his client.  Defendant's claims do not rise to a criminal
24 prosecution or charge of fraud.  Their only legitimate purpose is to seek a change in his sentence.
25 And they fail in that.
26 . . . .

Third, Section 2255 sets a limit, for the filing of such a motion, of one year from the date the judgment of conviction becomes final (which in this case would be the date of the Circuit opinion upholding this Court's sentence–February 7 or March 10, 2005), or the date when the claims could have been discovered through the exercise of due diligence. The motion was filed September 18, 2006, a year and six months after the Circuit opinion was filed in the District Court. Defendant claims he did not know of the decision until late December 2005, some nine and one-half months after it was filed with this Court. Considering the discussions he had with Mr. Carr about the effect of the *Booker* decision, and the fact that Defendant admits that he received a copy of Mr. Carr's Petition for a Writ of Certiorari to the Supreme Court, in March 2005, the Court finds that Defendant did, or could have known of the decision, had he exercised due diligence, well before September 18, 2005, a year before the motion was filed. The Court acknowledges that it accepts as accurate the declarations made by Mr. Carr.

Finally, notwithstanding the jurisdictional question raised by the Government regarding this Court consideration of Defendant's motion under Rule (b), this Court intends to address the merits of Seibert's original motion on its merits, making a subsequent, or alternative motion pursuant to Section 2255 unnecessary and duplicitous.

Accordingly, the Court will deny Defendant's Motion to Voluntarily Dismiss His Motion for Relief (#70) as moot.

<u>MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b) (#66)</u>

The Court acknowledges the Government's points and authorities holding that a defendant may not seek relief from his criminal sentence under Fed. R. Civ. P. 60(b), because that Rule is not applicable to criminal proceedings. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998); *United sates v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999); *United States v. Hart/Cross*, 230 F.3d 1360 (6th Cir. 2000). The Court agrees with those decisions. Rule 60(b) is not a legitimate basis for bringing this motion. However, to avoid further multiplication of motions or delay in addressing the issues raised here, the Court will consider this motion as though it were a §

2255 motion and address it on its merits in an attempt to put this matter to rest.

The basis for Defendant Seibert's Motion for Relief from Judgment or Order Pursuant to Rule 60(b) (#66) is his claim that Assistant Federal Public Defender Jason Carr (his appellate counsel) committed a fraud on this Court and on the Defendant when Mr. Carr represented to this Court, at a hearing on December 19, 2005, that the Defendant did not wish to have his sentenced reconsidered based upon the limited remand issued by the Ninth Circuit in its Memorandum Opinion ( No. 04-10171), filed February 7, 2005.

Defendant claims that the first he knew that Mr. Carr had made such a representation, or even that the Ninth Circuit had ruled on his appeal, was when he received a letter from Mr. Carr on December 28, 2005, directing him to call Mr. Carr, which he did on December 29, 2005. Such claims are directly contradicted by Defendant's admission of receipt of his copy of the Petition for Certiorari "on or about March 29, 2005." Furthermore, his claims a directly and persuasively contradicted by Mr. Carr's declaration, under penalty of perjury, which outlines a number of discussions with Seibert, about the effect of *Booker* and other decisions affecting this Court's ability to sentence him to a higher sentence if given the opportunity.

Mr. Carr, relying on his appellate file records, states that he consulted with the Defendant on a number of occasions regarding the advisability of foregoing a discretionary re-sentencing proceeding with this Court. He states that he consulted with the Defendant on January 14, 2005, on two occasions totaling 1.2 hours, and again on January 14, 2005, for .7 hours. In addition, Carr states that he had numerous conversations with the Defendant wherein he advised him that seeking an advisory re-sentencing was not wise.

Mr. Carr notes that during the sentencing before this Court, he successfully argued and utilized the Ninth Circuit precedent provided in *United States v. Archdale*, 229 F.3d 861, 870-71 (9th Cir. 2000) to constrain this Court to sentence Defendant Seibert to the low-end of the then binding Sentencing Guideline range of 140-175 months, and that this Court stated that "the defendant's history, background and his activities would certainly justify 175-months." (Sentencing

1 Transcript, dated March 10, 2004, p.386.)  Mr. Carr then reminds the Court (and the Defendant) that
2 ten weeks later the Ninth Circuit decided *United States v. Iniquez*, 368 F.3d 1113 (9th Cir. 2004),
3 which clarified that *Archdale* did not limit the total punishment available when stacking offenses
4 pursuant to the Guidelines.

5       Given the current state of the law, that this Court must address the considerations
6 enumerated in 28 U.S.C. § 3553(a) to reach a reasonable sentence, together with the *Iniquez*
7 decision and this Court's observations at the sentencing that Defendant Seibert's history and
8 characteristics would justify a higher sentence, Mr. Carr clearly recognized that this Court was *likely*
9 to sentence Defendant Seibert to a higher sentence if the Defendant was resentenced.  Mr. Carr's
10 history of diligent and aggressive representation on behalf of his clients leads this Court to believe
11 the representations he makes in his Declaration (#68).  Given Defendant's misrepresentations in his
12 motions, together with the fact that even after he admits he learned of the so-called fraudulent
13 misrepresentation, he waited nine months before complaining to this Court or seeking redress for
14 the alleged wrong.  The Court finds his claims to lack credibility and to be without merit, and will
15 deny this motion.

16       IT IS THEREFORE ORDERED that Defendant's Motion for Appointment of
17 Counsel (#67) is DENIED.

18       IT IS FURTHER ORDERED that Defendant's second Motion for Appointment of
19 Counsel (#71) is DENIED.

20       IT IS FURTHER ORDERED that Defendant's Motion to Voluntarily Dismiss His
21 motion for Relief from Judgment Pursuant to Rule 60(b) (#70) is DENIED.

22       IT IS FURTHER ORDERED that Defendant's Motion for Relief from Judgment or
23 Order Pursuant to Rule 60(b) (#66) is DENIED.

24       Dated: November 6, 2006.

25

26                               _____
                                   ROGER L. HUNT
                                   **United States District Judge**